57 F.3d 1071
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Emerick Francis CHROMCIK, II, Defendant-Appellant.
 No. 94-2259.
 United States Court of Appeals, Sixth Circuit.
 June 13, 1995.
 
 1
 Before: MERRITT, Chief Circuit Judge; MARTIN, Circuit Judge; and SIMPSON, Chief District Judge*
 
 
 2
 In this single issue sentencing appeal from a guilty plea for conspiracy to manufacture methcathinone in violation of 21 U.S.C. Sec. 846, the only issue before us is whether the district court abused its discretion in declining to grant to defendant Chromcik a reduction in sentence for acceptance of responsibility pursuant to Sec. 3E1.1 of the Sentencing Guidelines. After reviewing the sentencing hearing, the report of the probation officer and the briefs of the parties, we conclude that the district court did not commit reversible error in declining to allow a reduction in sentence for acceptance of responsibility. The testimony and statements of the defendant contradicted the testimony of two police officers. The defendant denied that he had ever knowingly transported chemicals or crushed ephedrine in connection with the conspiracy to manufacture methcathinone. After hearing the conflicting testimony of the defendant and the two police officers, the district court chose to believe the two police officers and concluded that the defendant had falsely denied the extent of his participation in the conspiracy both to the court and to the probation officer in connection with the preparation of the probation report.
 
 
 3
 The district court is the factfinder and judges the credibility of the witnesses. The district court committed no error in choosing to believe the two police officers who testified as to the defendant's statements to them concerning the defendant's conduct which occurred during the course of the conspiracy. By denying that he had engaged in such activity the defendant failed to accept responsibility for his actions.
 
 
 4
 Accordingly, the judgment of the district court is AFFIRMED.
 
 
 
 *
 The Honorable Charles R. Simpson, III, Chief United States District Judge for the Western District of Kentucky, sitting by designation